UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUN 15 P 3: 54

Michael James Pouchert, Case No. _____

        Plaintiff,

   v.

MARTIN J. DE VRIES,
MICHAEL J. APRAHAMIAN,
JACK A. PITZO,
RANDY SITZBERGER,
J.J. CRAWFORD,
KYLE PALM,
DALE SCHMIDT, and
STATE OF WISCONSIN,

        Defendants.

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND
DAMAGES UNDER 42 U.S.C.
§§ 1983 AND 1985

**26-C 1074**

---

## I. INTRODUCTION

1. Michael James Pouchert brings this civil rights action under 42 U.S.C. §§ 1983 and 1985 to redress a chain of constitutional injuries originating in a fraudulent modification motion filed in Wisconsin family court on April 22, 2019, and continuing through the present in three open state proceedings: Waukesha County Circuit Court Case Nos. 6726FA000397 (formerly Dodge County Case No. 2009FA000435) and 2025CM001074, and Dodge County Circuit Court Case No. 2024CV000028. The chain runs from sworn factual misrepresentations contained in Document 51 of the family-court record, through a void order of modification entered in reliance on those misrepresentations (Document 254), through a fabricated finding of waiver of counsel entered on May 30, 2023 (Document 439), through body-execution warrants issued without jurisdiction (Documents 517 and 560), to a seizure and arrest on July 1, 2025 effected pursuant to

those void instruments, and through an ongoing pattern of post-arrest conduct that has foreclosed each ordinary mechanism for raising those underlying defects in state court. Michael James Pouchert seeks declaratory and injunctive relief and damages.

## II.  JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331, because this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(a)(3), because Michael James Pouchert seeks redress for the deprivation, under color of state law, of rights secured by the Constitution and federal law.

3. This Court has supplemental jurisdiction over any related state-law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2), because all parties named below reside in Wisconsin and at least one resides in this District, and because a substantial part of the events and omissions giving rise to the claims occurred in this District.

5. Michael James Pouchert seeks declaratory relief under 28 U.S.C. §§ 2201 and 2202 and injunctive relief under Federal Rule of Civil Procedure 65 and the equitable powers of this Court.

## III.  PARTIES

6. **Michael James Pouchert** is an individual residing at 694 Summit Avenue, Oconomowoc, Wisconsin 53066, and is a party to Waukesha County Circuit Court Case

No. 6726FA000397, Waukesha County Circuit Court Case No. 2025CM001074, and Dodge County Circuit Court Case No. 2024CV000028.

7. **Martin J. De Vries** is a former Circuit Court Judge for Dodge County, Branch 2, who at all relevant times presided over Case No. 2009FA000435 (now 6726FA000397). He is sued in his individual capacity for acts taken outside the scope of the judicial function and for acts taken in the clear absence of jurisdiction. *Hafer v. Melo*, 502 U.S. 21 (1991). His judicial address of record is Dodge County Justice Facility, 210 W. Center Street, Juneau, Wisconsin 53039.

8. **Michael J. Aprahamian** is a Circuit Court Judge for Waukesha County, Branch 9, assigned to Case No. 2025CM001074. He is sued in his official capacity for prospective injunctive and declaratory relief under *Ex parte Young*, 209 U.S. 123 (1908). His judicial address is Waukesha County Courthouse, 515 W. Moreland Boulevard, Waukesha, Wisconsin 53188.

9. **Jack A. Pitzo** is a Circuit Court Judge for Waukesha County, Branch 12, assigned to Case No. 6726FA000397. He is sued in his official capacity for prospective injunctive and declaratory relief under *Ex parte Young*. His judicial address is Waukesha County Courthouse, 515 W. Moreland Boulevard, Waukesha, Wisconsin 53188.

10. **Randy Sitzberger** is an Assistant District Attorney for Waukesha County prosecuting Case No. 2025CM001074. He is sued in his official capacity for prospective injunctive and declaratory relief. His office address is Waukesha County District Attorney's Office, 515 W. Moreland Boulevard, P.O. Box 1627, Waukesha, Wisconsin 53187-1627.

11. **J.J. Crawford** is an Assistant District Attorney for Waukesha County who appeared on behalf of the State at the arraignment in Case No. 2025CM001074. He is sued in his official capacity for prospective injunctive and declaratory relief. His office address is the same as that of Randy Sitzberger.

12. **Kyle Palm** is a police officer with the Oconomowoc Police Department who, on July 1, 2025, effected the stop and arrest of Michael James Pouchert pursuant to outstanding Dodge County body execution warrants from Case No. 2009FA000435, producing the charges in Case No. 2025CM001074. He is sued in his individual capacity. *Hafer v. Melo*, 502 U.S. 21 (1991). His employer's address is Oconomowoc Police Department, 220 S. Main Street, Oconomowoc, Wisconsin 53066.

13. **Dale Schmidt** is the Sheriff of Dodge County, Wisconsin. On April 2, 2026, he personally appeared alongside an assistant of Martin J. De Vries during an attempted service of federal process upon Martin J. De Vries in Case No. 26-CV-516 (E.D. Wis.) and obstructed that service through a series of false statements of law to the process server. He is sued in his individual capacity. *Hafer v. Melo*, 502 U.S. 21 (1991). His office address is 124 West Street, Juneau, Wisconsin 53039.

14. **The State of Wisconsin** is sued solely under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, for prospective injunctive and declaratory relief addressing systemic denial of reasonable accommodations within its judicial system. *Tennessee v. Lane*, 541 U.S. 509 (2004). Service through the Wisconsin Department of Justice, 17 W. Main Street, Madison, Wisconsin 53707.

## IV. FACTUAL ALLEGATIONS

## A. Origin Fraud — Document 51 (April 22, 2019)

15. On April 22, 2019, Jessica A. Jacobs filed in Dodge County Circuit Court Case No. 2009FA000435 a sworn Affidavit in Support of Motion for Impasse-Breaking Authority, To Revise Physical Placement and Support, and To Enforce Judgment of Divorce ("Document 51"). Document 51 attributed the parties' minor children's school performance and homework completion deficits to the custodial periods of Michael James Pouchert.

16. Document 51's sworn factual recitations are contradicted on their face by communications authored by its affiant within the six months immediately preceding its filing. On November 27, 2018 — 146 days before Document 51 — Jessica A. Jacobs sent Michael James Pouchert a text-message chain in which she stated, in her own words and during her own custodial period, that the children's homework was incomplete during her own time and that she was managing it from her own home. On October 9, 2018, she sent corresponding email correspondence with the same import.

17. On or about May 8, 2019 — sixteen days after Document 51 was filed — Jessica A. Jacobs paid Tutor Doctor $304.00 for eight hours of tutoring services rendered to the parties' minor son during her custodial periods. That payment is documented by a Tutor Doctor receipt in the possession of Michael James Pouchert.

18. Document 51 was the sworn factual predicate on which Martin J. De Vries entered the order of modification described in Section IV.B below.

## B. Void Modification Order — Document 254 (February 8, 2021)

**19.** On February 8, 2021, Martin J. De Vries entered findings of fact, conclusions of law, and an order of modification in Case No. 2009FA000435 ("Document 254"), modifying physical placement of the parties' minor children. Document 254's Finding No. 9 contained the sworn factual predicate from Document 51. Document 254's Finding No. 29 contained the legal conclusion that flowed from Finding No. 9.

**20.** On May 30, 2023, Michael James Pouchert appeared in Case No. 2009FA000435 before Martin J. De Vries and presented documentary evidence demonstrating that the sworn factual predicate of Document 254 was false. That hearing produced the transcript designated as Document 434 in the case record.

**21.** At Document 434, page 17, lines 8 through 9, and again at Document 434, page 23, lines 8 through 9, Martin J. De Vries refused to adjudicate the fraud Michael James Pouchert had presented. The refusal recorded at page 23, lines 8 through 9, is verbatim: "I am not saying it didn't happen. I am saying that is not before the Court today."

**22.** Document 254 has not been vacated. It continues to function as the operative placement and support order in Case No. 6726FA000397 (formerly 2009FA000435), and it remains the predicate on which the contempt and enforcement instruments described in Section IV.D below were issued.

**C. The Fabricated Waiver of Counsel (May 30, 2023)**

**23.** The May 30, 2023 hearing transcribed in Document 434 was conducted by Martin J. De Vries without appointed counsel for Michael James Pouchert. The transcript of that hearing affirmatively records the response of Michael James Pouchert to the trial court's inquiries on the subject. At Document 434, page 3, he stated the words "I do not

understand" twice, and "I do not accept and I do not consent." He at no point uttered the words "I waive my right to counsel" or any phrase carrying that meaning.

24. At Document 434, page 5, lines 16 through 18, Martin J. De Vries refused to receive a written filing Michael James Pouchert sought to tender from the bench without conducting any colloquy on the right to counsel or examining the invocations recorded at page 3.

25. At Document 434, page 30, Martin J. De Vries dictated to opposing counsel the following formulation for inclusion in a written order he would later sign: "That these orders are after a result of today's hearing where Mr. Pouchert appeared pro se after having waived his right to counsel. Words to that effect."

26. On a date subsequent to May 30, 2023, Martin J. De Vries signed Document 439 in Case No. 2009FA000435. Document 439, Finding No. 1, recites verbatim: "After a colloquy with the Court and having been advised that the rulings the Court may make at this hearing might lead to his imprisonment, MICHAEL POUCHERT waives his right to counsel and proceeds pro se."

27. Finding No. 1 of Document 439 is irreconcilable on the face of the record with the transcript of the same hearing (Document 434). The transcript records no colloquy. The transcript records the opposite of waiver. The finding is a fabrication of the official record of a hearing at which it did not occur.

28. On August 15, 2023, in the same case, before the same judge, Martin J. De Vries entered a finding at Document 456, page 3, line 21, expressly stating that Michael James Pouchert was "not waiving his right to counsel." Document 456 is the same judge

contradicting Document 439 seventy-seven days later in the same case. Martin J. De Vries knew the standard for a valid waiver of counsel; he applied it correctly on August 15, 2023; and he failed to apply it, or affirmatively manufactured the appearance of having applied it, on May 30, 2023.

29. The standard form Notices of Failure to Appear in the Case No. 2009FA000435 docket dated June 12, 2023 (Document 423) and June 13, 2023 (Document 424) both state that the failure to appear of Michael James Pouchert was "without an attorney." The corresponding Notice of Failure to Appear at Document 437, signed by Martin J. De Vries, states that the failure to appear was "with an attorney." Michael James Pouchert had no attorney of record at any time relevant to those notices. The Document 437 inconsistency is one further instance of the same pattern of record-fabrication established by Documents 434 and 439.

**D. The Void Enforcement Chain and the July 1, 2025 Arrest**

30. On September 22, 2023, in the same case, Martin J. De Vries entered a finding of contempt against Michael James Pouchert. The September 22, 2023 contempt finding was the predicate for the body-execution warrant subsequently issued at Document 517.

31. On December 13, 2024, Martin J. De Vries issued Document 517, a Body Execution — Child Support Agency, in Case No. 2009FA000435. Document 517 bears, on its face, the designation "IV-D Case No. 8311481," identifying the matter as a Title IV-D case eligible for federal reimbursement under 42 U.S.C. § 654. Document 517 directs "any other law enforcement officer" to take Michael James Pouchert into custody. Document 517 remained outstanding without execution from December 13, 2024 until July 1, 2025.

**32.** On March 17, 2025, Martin J. De Vries issued Document 560, a second Body Execution, on the same operative predicate. Document 560 remained outstanding without execution from March 17, 2025 until July 1, 2025.

**33.** On June 17, 2025, between approximately 5:00 and 5:30 a.m., personnel acting under one of the outstanding body executions appeared at the residence of Michael James Pouchert to attempt a third-shift arrest. No arrest occurred. The same day, Michael James Pouchert filed Document 562 in Case No. 2009FA000435, an Affidavit of Rescission, by certified mail (tracking number RF 9589 0710 5270 2326 2356 20). Three days later, on June 20, 2025, he filed Document 564, a Demand for Proof of Jurisdiction, by certified mail (tracking number RF 9589 0710 5270 2326 2277 79).

**34.** On July 1, 2025, at approximately 10:30 a.m., Kyle Palm effected a stop and arrest of Michael James Pouchert in Oconomowoc, Wisconsin, pursuant to two outstanding body execution warrants from Dodge County Case No. 2009FA000435 (Warrant Nos. WA13925 and WA67924). The probable-cause foundation Kyle Palm subsequently submitted on the underlying offense reports identifies Ryan Jeffrey Wollenhaupt as the testimonial complainant. Ryan Jeffrey Wollenhaupt does not appear on the State's witness list filed at Document 28 in Case No. 2025CM001074.

**35.** The July 1, 2025 arrest occurred fourteen days after the third-shift attempt of June 17, 2025, eleven days after Document 564 was deposited in the mail, and within the thirty-three-day window during which Michael James Pouchert had filed protected petitions on the family-court docket challenging the jurisdictional predicate of the enforcement

instruments. *Nieves v. Bartlett*, 587 U.S. 391 (2019), supplies the standard applicable to that timing.

**E. Closed-Loop Due Process in Case No. 2025CM001074**

36.  On July 2, 2025, Michael James Pouchert posted a cash bond of $1,000.00 in Case No. 2025CM001074 (Document 10).

37.  On November 21, 2025, Michael James Pouchert filed in Case No. 2025CM001074 a written discovery demand (Document 18). The State has not produced the discovery package responsive to Document 18 to him in any form he has been able to access. The State has conditioned access on payment of a $24.35 transcription and reproduction fee.

38.  Michael James Pouchert is a person with documented disabilities affecting communication and major life activities. On January 28, 2026, he filed in Case No. 2009FA000435 Document 597, expressly invoking 28 C.F.R. § 35.130(f), which categorically prohibits surcharges on persons with disabilities to cover the cost of accommodations required to comply with the Americans with Disabilities Act. The body-camera footage of his own July 1, 2025 arrest is among the materials within the State's prepared discovery package. He has never viewed that footage.

39.  On May 6, 2026, Michael J. Aprahamian entered Document 37 in Case No. 2025CM001074. Document 37 directs Michael James Pouchert to "refrain from filing in this case any issues or challenges related to other cases, whether pending in this county or a different county" (pages 1-2); imposes an ADA standard requiring "evidence of a diagnosed disability or authoritative opinion of any physical or mental problem" more stringent than the standard set forth at 42 U.S.C. § 12102 and 28 C.F.R. § 35.108 (page

2); threatens sanctions under Wis. Stat. § 802.05 (page 2); and prohibits all parties from "record[ing] any of the proceedings" (page 3) without notice, hearing, finding of disruption, or stated statutory authority for the recording prohibition. Wisconsin Statute § 968.31(2)(c) authorizes a party to a proceeding to record his own participation in that proceeding.

40. On June 4, 2026, Michael J. Aprahamian conducted a jury-status hearing in Case No. 2025CM001074. At that hearing, the Court summarily denied from the bench, without written ruling, without State response, and without evidentiary hearing, four motions then before the Court (Documents 38, 39, 40, and 46), including a Notice of Self-Executing Mandatory Disqualification (Document 46). The conduct of that hearing, the bench statements made by the Court, and the Court's treatment of the request of Michael James Pouchert to record his own participation are documented in the contemporaneous declaration of an independent witness, Adam Fann, to be filed under separate cover within fourteen days of this complaint pursuant to 28 U.S.C. § 1746.

41. On June 4, 2026 at the same time Document 46 was filed in Branch 9, Michael James Pouchert hand-delivered to the Office of the Chief Judge of Waukesha County a letter requesting administrative reassignment of Case No. 2025CM001074 under Wis. Stat. § 757.19(4). The letter was received and assigned administrative control number C-380 by the Office of the Chief Judge. Eleven days have elapsed without action on C-380. No new trial date has been set following Michael J. Aprahamian's conversion of the June 16-17, 2026 trial to a scheduling hearing by Document 52.

42. On June 2, 2026, at approximately 10:12 a.m., Michael James Pouchert received a text-message communication from a representative of the Waukesha County Child Support Agency identifying herself as "Nancy," writing from telephone number (262) 232-7533. The communication advised, in pertinent part, that no payment had posted in May 2026 and warned of enforcement consequences if payment were not made. On June 11, 2026, in direct response to that communication and the threat of further enforcement under the void support order, Michael James Pouchert transmitted $3,000.00 to the Waukesha County Child Support Agency under Receipt No. 26R 028746.

### F. Obstruction of Federal Service of Process (April 2, 2026)

43. On April 2, 2026, Michael James Pouchert retained a Wisconsin-licensed process server, Timothy Stein, to effect service of federal process upon Martin J. De Vries at the Dodge County Justice Facility in connection with Case No. 26-CV-516 (E.D. Wis.).

44. When Timothy Stein presented for service, Dale Schmidt personally appeared alongside an assistant of Martin J. De Vries and represented to Timothy Stein, falsely and in his capacity as Sheriff of Dodge County, that the Clerk of Court could not accept service of federal process "by statute," that personal service on a sitting circuit judge could not be effected at the courthouse, and that Timothy Stein lacked authority to leave the documents at the facility.

45. Twenty-nine minutes after the obstructed service attempt, the Dodge County Clerk of Court accepted alternate-method service of the same documents. The Clerk's acceptance refuted, in real time, the false statement of law that Dale Schmidt had made to the process server. The full sequence and the false statements made are set forth in the sworn affidavit of Timothy Stein, attached as Exhibit C.

46. Following the April 2, 2026 obstruction, Timothy Stein declined to accept further service assignments in Dodge County. Michael James Pouchert was required to engage a second process server at additional expense to complete service in the federal action.

## G. Damages

47. Michael James Pouchert has been deprived, by the acts and omissions described above, of liberty, property, and the equal protection of the laws. The financial extraction effected by enforcement of the void Document 254 and its derivative instruments totals $94,953.30 as of the date of this Complaint.

48. That total comprises: (a) $60,474.11 extracted by the Wisconsin Child Support Agency through the void support order and associated enforcement instruments, including a January 15, 2025 bank levy from an account held at Associated Bank; (b) $2,105.00 in guardian-ad-litem fees compelled under the void order; (c) $1,000.00 cash bond posted in Case No. 2025CM001074; (d) $7,777.03 seized through the federal Treasury Offset Program from the separate property of a non-party (Stephani Kobussen, wife of Michael James Pouchert); (e) $20,597.16 extracted through a compelled mortgage executed in settlement of Dodge County Case No. 2024CV000028 (the foreclosure proceeding initiated under the void support order); and (f) $3,000.00 transmitted on June 11, 2026 in response to the June 2, 2026 enforcement communication described above. The extraction is ongoing.

49. Michael James Pouchert has further been deprived of physical placement of his minor sons through the void modification order, has been required to defend against the criminal charges in Case No. 2025CM001074 that flow directly from the void

enforcement chain, and has incurred the time, research, and litigation burden of seven open or recently-closed proceedings in three state forums and one federal forum.

50. Michael James Pouchert has further suffered damages to reputation, professional standing, and personal relationships flowing directly from the public docketing of false findings, contempt determinations, and warrant instruments derived from the predicate fraud.

## V. CAUSES OF ACTION

### COUNT I — Structural Bias and Due Process — Fourteenth Amendment, 42 U.S.C. § 1983

**(Against Martin J. De Vries, Michael J. Aprahamian, and Jack A. Pitzo)**

51. The foregoing paragraphs are incorporated by reference.

52. The Due Process Clause of the Fourteenth Amendment guarantees adjudication before a neutral tribunal free of structural conflicts of interest. *Tumey v. Ohio*, 273 U.S. 510 (1927); *Ward v. Village of Monroeville*, 409 U.S. 57 (1972); *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

53. Document 517 bears, on its face, the designation "IV-D Case No. 8311481," identifying Case No. 2009FA000435 as a Title IV-D matter eligible for federal financial reimbursement to the State. Martin J. De Vries presided over the case and entered orders generating Title IV-D collections while the State, of which he was an officer, was financially benefitted by those collections. That structural arrangement constitutes a constitutionally cognizable financial interest under *Tumey* and *Ward*.

54. Jack A. Pitzo, currently assigned to Case No. 6726FA000397, served as an Assistant District Attorney in Waukesha County from 2017 through 2024. During that period he

was a colleague of District Attorney Lesli Boese (twenty-nine years' tenure), Randy Sitzberger, and J.J. Crawford, the prosecution team in the related Case No. 2025CM001074. Wisconsin Supreme Court Rule 60.04(1)(e) and *Caperton* require recusal where, viewed objectively, the probability of actual bias on the part of the judge is too high to be constitutionally tolerable.

55. In two unpublished opinions issued February 2, 2022, the Wisconsin Court of Appeals, District II, reversed three of four contempt findings entered by Michael J. Aprahamian against a single litigant in Waukesha County Circuit Court Case No. 2018FA296. The reversals rested on three distinct grounds: sua sponte initiation of contempt proceedings despite the statutory bar (Wis. Stat. § 785.03 confines initiation to an aggrieved person or the prosecuting authority, not the trial court itself); reliance on "inherent authority" in place of the statutory contempt procedure; and use of the summary procedure for sanctions that were properly remedial rather than punitive. *Valadez v. The Honorable Michael J. Aprahamian*, Appeal Nos. 2021AP994 / 2021AP1186 (consolidated; Grogan, J.) and Appeal No. 2021AP1436 (Neubauer, J.) (Wis. Ct. App. Feb. 2, 2022) (unpublished; citable for persuasive value under Wis. Stat. Rule 809.23(3)(b)). Michael J. Aprahamian's June 4, 2026 conduct repeats the procedural pattern the Court of Appeals has documented. That documented appellate pattern places him on notice of the constitutional and statutory limits on his contempt authority. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

56. The structural defects identified in this Count have caused and will continue to cause injury in fact to Michael James Pouchert unless declared unconstitutional and enjoined.

**COUNT II — Sixth and Fourteenth Amendments — Fabrication of a Waiver of Counsel, 42 U.S.C. § 1983**

**(Against Martin J. De Vries, individual capacity)**

57.     The foregoing paragraphs are incorporated by reference.

58.     The Sixth Amendment, made applicable to the States by the Fourteenth, guarantees the right to assistance of counsel in any proceeding that may result in imprisonment. *Argersinger v. Hamlin*, 407 U.S. 25 (1972). A waiver of that right must be knowing, intelligent, and voluntary, and must be established on the record. *Faretta v. California*, 422 U.S. 806 (1975); *Johnson v. Zerbst*, 304 U.S. 458 (1938). The total deprivation of counsel without a valid waiver is structural error not subject to harmless-error analysis. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 148-49 (2006).

59.     Document 439, Finding No. 1, signed by Martin J. De Vries, recites the existence of a colloquy and a waiver that the transcript of the same hearing (Document 434) affirmatively rebuts. The finding does not record a hearing that occurred and was misremembered; it records a hearing that did not occur in the manner stated.

60.     Martin J. De Vries's act of dictating to opposing counsel, on the open record, the formulation "Words to that effect" for inclusion in a subsequent written order (Document 434, page 30) is, on its face, the administrative production of a court record rather than the discharge of a judicial function. Absolute judicial immunity does not extend to administrative acts. *Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Forrester v. White*, 484 U.S. 219, 229-30 (1988).

61.     Document 456, page 3, line 21, demonstrates that Martin J. De Vries knew the correct standard for a valid waiver of counsel and applied it correctly seventy-seven days after

Document 434. His failure to apply that standard on May 30, 2023 — or his manufacture of the appearance of having applied it — is willful, and forecloses qualified immunity under *Hope v. Pelzer*, 536 U.S. 730 (2002).

62. The fabricated waiver of counsel is the source of every downstream contempt finding, body-execution warrant, and enforcement instrument issued against Michael James Pouchert in Case No. 2009FA000435, and it is the foundation of the criminal charges currently pending against him in Case No. 2025CM001074.

**COUNT III — Fourteenth Amendment — Void Warrant Chain and Unlawful Seizure, 42 U.S.C. § 1983**

**(Against Martin J. De Vries and Kyle Palm)**

63. The foregoing paragraphs are incorporated by reference.

64. An order entered without subject-matter jurisdiction or in clear absence thereof is void ab initio. *Kalb v. Feuerstein*, 308 U.S. 433, 438-39 (1940). A warrant predicated on a void order is itself void. A seizure effected pursuant to a void warrant violates the Fourth Amendment as incorporated. *Mapp v. Ohio*, 367 U.S. 643 (1961).

65. Document 254 was entered on the predicate of facts that the contemporaneous record of the affiant rebuts, and Martin J. De Vries refused to adjudicate that documentary rebuttal when it was presented on May 30, 2023. Documents 517 and 560 issued out of the contempt finding that flowed from Document 254. The July 1, 2025 seizure by Kyle Palm was predicated, in whole or in part, on the warrants represented by Documents 517 and 560.

66. The Fourteenth Amendment further forbids the State from depriving any person of liberty without a meaningful opportunity to be heard on the predicate. *Mathews v. Eldridge*, 424

U.S. 319 (1976); *Turner v. Rogers*, 564 U.S. 431 (2011). The May 30, 2023 refusal to adjudicate the documentary rebuttal of Document 51, recorded at Document 434, page 23, lines 8-9, deprived Michael James Pouchert of that opportunity.

67. The continuing-violation doctrine and the doctrine of fraudulent concealment toll any applicable limitations period. *Heard v. Sheahan*, 253 F.3d 316 (7th Cir. 2001).

**COUNT IV — Fourteenth Amendment Due Process and Title II of the ADA — Closed-Loop Proceeding**

**(Against Michael J. Aprahamian, official capacity, and the State of Wisconsin)**

68. The foregoing paragraphs are incorporated by reference.

69. Due process requires a meaningful opportunity to be heard. Title II of the ADA, 42 U.S.C. § 12132, and its implementing regulation 28 C.F.R. § 35.130(f), forbid public entities from imposing surcharges to cover the cost of measures required to make their services accessible to persons with disabilities.

70. Document 37 imposed three interlocking restrictions on the ability of Michael James Pouchert to defend himself in Case No. 2025CM001074: a cross-case filing prohibition that foreclosed reference to the void family-court record on which the criminal charges depend; an ADA-denial standard more stringent than the federal statutory definition of disability; and a blanket recording prohibition entered without notice, hearing, or finding of disruption.

71. The combined effect of Document 37, the unresolved $24.35 access fee for the State's prepared discovery package, the summary denial of the four motions before the Court on June 4, 2026, and the eleven-day failure to act on the Chief-Judge reassignment request (C-380) is to foreclose any mechanism by which Michael James Pouchert may

meaningfully participate in his own defense. That foreclosure is itself a deprivation of due process. *Goldberg v. Kelly*, 397 U.S. 254 (1970).

72. Michael J. Aprahamian was, prior to taking the bench, a partner at Foley & Lardner LLP with primary responsibility for the firm's ethics-training program and a former law clerk to the Seventh Circuit. His specialized expertise in judicial ethics is properly considered in assessing the State's continuing exposure to declaratory and prospective injunctive relief in his official capacity.

73. The State of Wisconsin, sued solely under Title II for prospective relief, is liable for the systemic denial of reasonable accommodations within its judicial system. *Tennessee v. Lane*, 541 U.S. 509 (2004).

74. Younger abstention does not bar the prospective relief sought in this Count or in this action generally. The Supreme Court has recognized a bad-faith and harassment exception under which federal courts may enjoin ongoing state proceedings where those proceedings are conducted in bad faith or as part of a pattern of harassment against the federal plaintiff. *Kugler v. Helfant*, 421 U.S. 117, 124-26 (1975); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971). The facts pleaded above — the documented fabrication of a waiver of counsel in Document 439; the eleven-day failure of the Office of the Chief Judge to act on the C-380 reassignment request as the trial date approached; the closed-loop architecture of Document 37 foreclosing each ordinary mechanism for raising the underlying jurisdictional defect; and the summary denial from the bench on June 4, 2026 of four motions then before the Court without written ruling, State response, or evidentiary hearing — together establish that exception. *Heck v. Humphrey*, 512 U.S. 477

(1994) does not bar the relief sought in this action. Heck precludes § 1983 damages claims that would necessarily imply the invalidity of an existing conviction or sentence. No conviction exists in Case No. 2025CM001074; Heck's favorable-termination requirement is therefore not triggered. Moreover, this action primarily seeks prospective declaratory and injunctive relief, which Heck does not reach. *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (§ 1983 claims for declaratory or injunctive relief are not barred unless they directly challenge the fact or duration of confinement). To the extent any damages claim arising from the pending criminal proceedings accrues upon a favorable termination, it is preserved for that time and is not asserted here as a pre-conviction damages claim.

**COUNT V — Sixth and Fourteenth Amendments and Title II of the ADA — Brady/Crawford/ADA Discovery**
**(Against Randy Sitzberger and J.J. Crawford, official capacity)**

75. The foregoing paragraphs are incorporated by reference.

76. The prosecution is required to disclose to the defense all evidence material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83 (1963). The Confrontation Clause guarantees the right to confront the witnesses against the accused. *Crawford v. Washington*, 541 U.S. 36 (2004).

77. Randy Sitzberger and J.J. Crawford have conditioned the production of the State's prepared discovery package in Case No. 2025CM001074 — including the body-camera footage of the arrest of Michael James Pouchert — on payment of a $24.35 fee, notwithstanding the documented disabilities of Michael James Pouchert and his written invocation of 28 C.F.R. § 35.130(f) in Document 597 (M1, January 28, 2026).

78. Ryan Jeffrey Wollenhaupt of the Oconomowoc Police Department is identified on the operative offense reports as the testimonial complainant for the charges in Case No. 2025CM001074. He does not appear on the State's witness list filed at Document 28 in that case. The Sixth Amendment forbids the use of an absent declarant's testimonial statement against the accused without prior cross-examination.

79. The Wisconsin statutory provision permitting a defendant to inspect and copy discovery, Wis. Stat. § 971.23, does not displace the federal ADA accommodation obligation under the Supremacy Clause. *Crosby v. National Foreign Trade Council*, 530 U.S. 363 (2000). The State's continued imposition of the $24.35 access barrier through the date of this Complaint constitutes an ongoing federal violation.

## COUNT VI — First Amendment Retaliatory Enforcement, 42 U.S.C. § 1983
**(Against Kyle Palm, individual capacity)**

80. The foregoing paragraphs are incorporated by reference.

81. The First Amendment forbids a state officer from undertaking enforcement action in retaliation for the target's exercise of protected speech. *Nieves v. Bartlett*, 587 U.S. 391 (2019). Where the timing and circumstances of the enforcement supply objective evidence that probable cause was not the actual basis for the action, the ordinary probable-cause bar to a retaliation claim does not apply. *Id.* at 406-07.

82. In the thirty-three days preceding the July 1, 2025 stop, Michael James Pouchert filed protected petitions in Case No. 2009FA000435 challenging the jurisdictional predicate of the enforcement instruments outstanding against him (Documents 562, 564, 566, 569, 571, and 573 among them). On June 17, 2025, personnel attempted a third-shift arrest under Document 517 and departed without effecting one. Fourteen days later, Kyle Palm

— an Oconomowoc patrol officer executing those same Dodge County body execution warrants after seven months of dormancy — effected the stop and arrest that produced Case No. 2025CM001074.

83. The June 17 non-arrest by warrant personnel and the July 1 arrest by an officer not previously assigned to the warrants, occurring within the protected-speech window and immediately following Document 564's deposit in the mail, supply the objective evidence that *Nieves* requires. *Hartman v. Moore*, 547 U.S. 250 (2006), and *Mt. Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), supply the standard for proving causation.

**COUNT VII — Obstruction of Federal Court Process, 42 U.S.C. § 1985(2)**
**(Against Dale Schmidt, individual capacity)**

84. The foregoing paragraphs are incorporated by reference.

85. 42 U.S.C. § 1985(2) provides a cause of action for conspiracy to deter, by force, intimidation, or threat, any party or witness from attending or testifying in federal court, or to injure such party in his person or property on account of his having attended or testified.

86. On April 2, 2026, Dale Schmidt, while acting under color of his office as Sheriff of Dodge County, made three false statements of law to a process server in the federal action against Martin J. De Vries (E.D. Wis. Case No. 26-CV-516), each statement directed at obstructing the completion of service of federal process upon a fellow Dodge County officer. Dale Schmidt did not act in isolation: before his arrival, an assistant of Martin J. De Vries had separately intercepted Timothy Stein at the second-floor judicial reception window, established the purpose of the visit, declined acceptance, and alerted

chambers; Dale Schmidt then entered the courthouse lobby alongside that same assistant within minutes of that notification — two officials of the same governmental unit acting in coordinated sequence, satisfying the two-or-more-persons agreement element of 42 U.S.C. § 1985(2). The contemporaneous acceptance of alternate-method service by the Dodge County Clerk, twenty-nine minutes later, refuted on the merits the law Dale Schmidt had recited.

87. Following the April 2, 2026 obstruction, the process server engaged by Michael James Pouchert declined to accept further service work in Dodge County, requiring engagement of a second server to complete federal service. That sequence is set forth in the sworn affidavit of Timothy Stein attached as Exhibit C.

88. The conduct alleged in this Count was knowingly directed at the participation of Michael James Pouchert in a federal proceeding. The protected activity is the prosecution of Case No. 26-CV-516. The injury includes the additional expense, delay, and chilling effect arising from the obstruction. *Kush v. Rutledge,* 460 U.S. 719 (1983) (no class-based discriminatory animus required for the federal-court provisions of § 1985(2)).

## VI. PRAYER FOR RELIEF

WHEREFORE, Michael James Pouchert respectfully requests that this Court enter judgment in his favor and against the parties named below as follows:

89. A. DECLARE, pursuant to 28 U.S.C. §§ 2201 and 2202, that Documents 254, 439, 517, and 560 of Case No. 2009FA000435 (now Case No. 6726FA000397), and each derivative enforcement instrument issued thereunder, are void ab initio for want of due process and for fabrication of the record of waiver of counsel, and are therefore unenforceable as a matter of federal constitutional law.

**90.**    **B.** DECLARE that Document 37 of Case No. 2025CM001074, in each of its three operative restrictions (cross-case filing prohibition, ADA-denial standard, and recording prohibition), violates the Sixth and Fourteenth Amendments to the United States Constitution and Title II of the Americans with Disabilities Act.

**91.**    **C.** DECLARE that the continued participation of Michael J. Aprahamian as the judge assigned to Case No. 2025CM001074, absent administrative reassignment by the Office of the Chief Judge under Wis. Stat. § 757.19(4), and the continued participation of Jack A. Pitzo as the judge assigned to Case No. 6726FA000397, absent adjudication of the disqualification predicates set forth herein under Wisconsin Supreme Court Rule 60.04(1) (e) and *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009), each violate the Fourteenth Amendment's structural-bias guarantees and Title II of the Americans with Disabilities Act.

**92.**    **D.** ENJOIN Randy Sitzberger and J.J. Crawford, in their official capacities, from prosecuting Case No. 2025CM001074 under and in reliance upon Document 37, pending entry of the declaratory relief sought in Prayer B and the Court's further order. *Ex parte Young*, 209 U.S. 123 (1908).

**93.**    **E.** ENJOIN Randy Sitzberger and J.J. Crawford, in their official capacities, from continuing to condition the production of the State's prepared discovery package in Case No. 2025CM001074 on payment of any fee or surcharge, and from proceeding to trial in that matter until the discovery package has been produced to Michael James Pouchert in a form accessible under 28 C.F.R. § 35.130(f).

**94.** **F.** AWARD compensatory damages against Martin J. De Vries in his individual capacity, against Kyle Palm in his individual capacity, and against Dale Schmidt in his individual capacity, in amounts to be proven at trial, including but not limited to $94,953.30 in direct financial extraction set forth in Section IV.G above and such further consequential damages as the evidence shall establish.

**95.** **G.** AWARD punitive damages against Martin J. De Vries, Kyle Palm, and Dale Schmidt, in their individual capacities, in an amount sufficient to punish and to deter, on the basis of willful conduct established under *Hope v. Pelzer*, 536 U.S. 730 (2002), and *Smith v. Wade*, 461 U.S. 30 (1983).

**96.** **H.** AWARD costs and disbursements of this action, including reasonable attorney's fees if and as authorized by 42 U.S.C. § 1988.

**97.** **I.** DIRECT service of process upon the named parties by the United States Marshal pursuant to Federal Rule of Civil Procedure 4(c)(3), on the grounds set forth in the contemporaneous Motion for U.S. Marshal Service filed herewith.

**98.** **J.** GRANT such further and other relief as the Court may deem just and proper.

## VII. DEMAND FOR TRIAL BY JURY

**99.** Michael James Pouchert demands trial by jury on all issues so triable, pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution.

Dated: June 15th , 2026.

Respectfully submitted,

Michael James Pouchert
694 Summit Avenue
Oconomowoc, Wisconsin 53066
michaelpouchert@gmail.com
(262) 893-2990

# **EXHIBIT LIST**

**100.**    **Exhibit A.** Document 51 (Affidavit in Support of Motion for Impasse-Breaking Authority, To Revise Physical Placement and Support, and To Enforce Judgment of Divorce, Jessica A. Jacobs, April 22, 2019), Case No. 2009FA000435.

**101.**    **Exhibit B.** Declaration of Adam Fann under 28 U.S.C. § 1746 concerning the June 4, 2026 hearing in Case No. 2025CM001074 — to be filed under separate cover within fourteen days of this complaint.

**102.**    **Exhibit C.** Sworn Affidavit of Timothy Stein concerning the April 2, 2026 obstructed service of federal process in Case No. 26-CV-516.

**103.**    **Exhibit D.** Document 254 (Findings of Fact, Conclusions of Law, and Order, February 8, 2021), Case No. 2009FA000435.

**104.**    **Exhibit E.** Document 434 (Transcript, May 30, 2023 hearing), Case No. 2009FA000435 — relevant excerpts at pages 3, 5, 17, 23, and 30.

**105.**    **Exhibit F.** Document 439 (Findings of Fact, Conclusions of Law, and Order), Case No. 2009FA000435 — Finding No. 1.

**106.**    **Exhibit G.** Document 456 (Transcript, August 15, 2023 hearing), Case No. 2009FA000435 — relevant excerpt at page 3, line 21.

**107.**    **Exhibit H.** Document 517 (Body Execution — Child Support Agency, December 13, 2024) and Document 560 (Body Execution, March 17, 2025), Case No. 2009FA000435.

108.    **Exhibit I.** Documents 562 (Affidavit of Rescission, June 17, 2025) and 564 (Demand for Proof of Jurisdiction, June 20, 2025), Case No. 2009FA000435, with certified-mail receipts.

109.    **Exhibit J.** Document 37 (Order, May 6, 2026), Case No. 2025CM001074.

110.    **Exhibit K.** Documents 38, 39, 40, and 46 of Case No. 2025CM001074, summarily denied from the bench on June 4, 2026.

111.    **Exhibit L.** Document 52 (Continuance Order, June 11, 2026), Case No. 2025CM001074.

112.    **Exhibit M.** Letter to Chief Judge Bugenhagen requesting administrative reassignment (June 4, 2026), bearing administrative control number C-380.

113.    **Exhibit N.** Document 18 (Discovery Demand, November 21, 2025) and Document 24 (Declaration, March 17, 2026), Case No. 2025CM001074.

114.    **Exhibit O.** Document 597 (Invocation of 28 C.F.R. § 35.130(f), January 28, 2026), Case No. 2009FA000435.

115.    **Exhibit P.** Wisconsin Child Support Agency text-message communication of June 2, 2026, 10:12 a.m. (sender: "Nancy," (262) 232-7533), and Receipt No. 26R 028746 dated June 11, 2026.

116.    **Exhibit Q.** Wisconsin Court of Appeals opinions in *Valadez v. The Honorable Michael J. Aprahamian,* Appeal Nos. 2021AP994 / 2021AP1186 (consolidated) and Appeal No. 2021AP1436 (Wis. Ct. App. Feb. 2, 2022) (unpublished).